UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THERESA M. WROBLEWSKI,

       Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

Case No. 07-12437
Hon. Gerald E. Rosen
Magistrate Judge Steven D. Pepe

## OPINION AND ORDER ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on    March 31, 2009

PRESENT:  Honorable Gerald E. Rosen
                    Chief Judge, United States District Court

On July 29, 2008, Magistrate Judge Steven D. Pepe issued a Report and Recommendation ("R & R") recommending that the Court deny Plaintiff Theresa M. Wroblewski's motion for summary judgment and grant the Defendant Commissioner of Social Security's motion for summary judgment. Plaintiff filed objections to the R & R on August 26, 2008. The Court has now reviewed the parties' submissions, the R & R, and the remainder of the record. For the reasons discussed briefly below, the Court concurs in the Magistrate Judge's thorough analysis, and adopts the R & R as the opinion of this Court.

As a threshold matter, it must be noted that Plaintiff has not filed the "specific objections" called for in the R & R and under the relevant case law, (*see* R & R at 32), but instead has offered a number of disorganized and scattershot critiques of the R & R and the underlying decision of the Administrative Law Judge ("ALJ"). All too often, these critiques rest upon quoted snippets of the ALJ's decision that are wrenched from their larger context, all-or-nothing hyperbole about the ALJ having "rejected" physician opinions or "ignored" portions of the record, and assertions that cannot be squared with the record. Accordingly, just as the Magistrate Judge has done in the R & R, this Court has reorganized Plaintiff's objections into three general categories: (i) challenges to the ALJ's assessment of her credibility, (ii) challenges to the weight given to physician opinions, and (iii) challenges to the ALJ's determination of her residual functional capacity ("RFC").[1] The Court addresses each of these subjects in turn.

First, with regard to the ALJ's assessment of her credibility, Plaintiff faults the ALJ for opining that her testimony at the administrative hearing "did not address her condition prior to June 30, 2000." (Administrative Record ("AR") at 22.) As Plaintiff correctly observes, this is not a fair characterization of her testimony, in which she did address questions about her condition between 1997 and June of 2000. Nonetheless, it is evident from the ALJ's decision, viewed as a whole, that this misstatement played little or

---

[1] To the extent that Plaintiff faults the Magistrate Judge for purportedly failing to address certain arguments she advanced in her underlying summary judgment motion, this undoubtedly is due to the same scattershot manner in which she presented these arguments in that motion. In the Court's view, the Magistrate Judge did an admirable job of reorganizing and addressing Plaintiff's contentions in the R & R.

no role in the ALJ's assessment of Plaintiff's credibility.  Rather, as thoroughly discussed in the R & R, the ALJ gave reasoned explanations for his decision to discount Plaintiff's credibility, and these explanations are supported by substantial evidence in the record.  (*See* R & R at 20-23.)  Accordingly, there is no basis for disturbing the ALJ's credibility findings.

Next, Plaintiff identifies a number of purported defects in the ALJ's determination of the weight to be given to the opinions of various physicians.  First, Plaintiff notes the ALJ's statement that "none of her doctors have made restrictions upon her ability to work," (AR at 23), and she points out that at least two of her doctors have opined either that she could not maintain a regular work schedule or that her ability to work would be restricted in certain ways.  Again, however, this misstatement of the record did not play any apparent role in the ALJ's determination of the weight to be given to the opinions of Plaintiff's physicians, nor does it undermine in any significant way the reasons given by the ALJ for this determination.  More generally, to the extent that Plaintiff faults the ALJ for having "rejected" or "discredit[ed]" the opinions of her treating physicians, (*see* Plaintiff's Objections at 12), the ALJ instead found that these opinions should be given "limited weight," (AR at 23-24), and the Court concurs in the Magistrate Judge's conclusion that these findings were supported by adequate reasons and by substantial evidence in the record.  (*See* R & R at 26-29.)  This includes, in particular, the ALJ's explanation for discounting the treating physicians' responses on a form drafted by Plaintiff's representative.  (*See id.* at 27.)

3

Finally, Plaintiff makes a number of challenges to the ALJ's assessment of her RFC.  First, and most generally, she faults the ALJ for failing to fully incorporate the limitations resulting from her fibromyalgia and mental impairment.  Yet, the ALJ did not conclude that Plaintiff did not suffer from these conditions; he merely concluded that these conditions did not impose the full range and extent of limitations claimed by Plaintiff.  As explained in the R & R, these conclusions are supported by substantial evidence in the record.  (*See* R & R at 29-31.)  More specifically, while Plaintiff takes issue with the ALJ's statement that "there is very little reference to fibromyalgia or myofascial problems," (AR at 19-20), the ALJ clearly was referencing a specific, limited set of records, and Plaintiff's citation to *other* portions of the record referencing her fibromyalgia is unavailing.  Likewise, while Plaintiff faults the ALJ for failing to mention certain findings by Dr. Steven Arbit as to her fibromyalgia, (*see* Plaintiff's Objections at 6), the ALJ's decision specifically recounts these findings, (*see* AR at 20).

As to her mental impairment, Plaintiff contends that the ALJ did not properly account for her Global Assessment of Functioning ("GAF") score of 50 or her difficulties with concentration.  Again, however, the ALJ expressly concluded that Plaintiff suffered from a mental impairment, with resulting "moderate limitations in the ability to maintain concentration, persistence or pace."  (AR at 17.)  While Plaintiff cites the ruling in *Eiseler v. Barnhart,* 344 F. Supp.2d 1019, 1029 (E.D. Mich. 2004), for the proposition that a limitation to unskilled work is inadequate to accommodate her impairments, the degree of impairment addressed in that decision (and the cases it cites) was greater than what the

4

ALJ found here. There is substantial support in the record for the ALJ's findings on this point where, as the ALJ explained, Plaintiff did not begin regular mental health treatment for nearly two years after her 1997 hospitalization for depression, (*see* AR at 18, 24), and where, as the Magistrate Judge explained, the ALJ's assessment of the limitations resulting from Plaintiff's mental health condition is supported by substantial evidence, (*see* R & R at 30-31).

Accordingly,

NOW, THEREFORE, IT IS HEREBY ORDERED that the Magistrate Judge's July 29, 2008 Report and Recommendation, as supplemented by the foregoing rulings, is ADOPTED as the opinion of this Court. IT IS FURTHER ORDERED that Plaintiff's motion for summary judgment (docket #17) is DENIED, and that Defendant's motion for summary judgment (docket #22) is GRANTED.

Dated: March 31, 2009

                                      s/Gerald E. Rosen
                                      Chief Judge, United States District Court

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 31, 2009, by electronic and/or ordinary mail.

                                      s/LaShawn R. Saulsberry
                                      Case Manager